THE SOUTH PARK COMMISSIONERS, Appellee, *vs.* MYRON L. PEARCE *et al.* Appellants.

*Opinion filed February 25, 1911.*

1. SPECIAL ASSESSMENTS—*act of 1895, concerning assessments by park boards, did not take away jurisdiction of the circuit court.* Section 2 of the act of June 24, 1895, to enable park commissioners to make improvements, (Hurd's Stat. 1909, p. 1614,) expressly provides that the powers granted by such act shall be in addition to those already vested in park authorities, and hence such act did not take away the jurisdiction of the circuit court, existing under the act of 1871, to entertain a petition by park commissioners to levy a special assessment for corporate purposes.

2. SAME—*act of 1895 adopted method of levying special assessment by park commissioners.* When the act of 1895 (Hurd's Stat. 1909, p. 1614,) authorized the levy of a special assessment by the park commissioners for the improvement of streets in the manner in which the levy of special assessments in other cases was authorized, it adopted the only method which then existed by which park commissioners could levy a special assessment in any case, which was by petition in the circuit court.

3. SAME—*"first" improvement of street means improvement by park commissioners.* The "first" improvement of a street which the statute authorizes park commissioners to make by special assessment means an improvement made by the commissioners and

does not refer to the former condition of the street, as improved or unimproved.

4. SAME—*when ordinance for boulevard improvement is unreasonable.* An ordinance imposing upon property owners the burden of paying for the construction of a pleasure driveway and the ornamentation and embellishment of a boulevard where there is already a complete system of street improvements recently put in and in good condition is unreasonable, and if, under such circumstances, the public authorities deem it best to make such boulevard improvement it should be done at public expense.

5. SAME—*extent to which property within jurisdiction of park board may be assessed.* Where property brought within the jurisdiction of a park board is already provided with street improvements it is not subject to special assessment any further than it would be if it had not become a part of the park system but had remained under the jurisdiction of the city.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

JOSEPH H. FITCH, WILLIAM J. DONLIN, and GEORGE W. WILBUR, for appellants.

TOLMAN, REDFIELD & SEXTON, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook county confirming a special assessment for the construction by the South Park Commissioners of a boulevard improvement of a system of streets in the city of Chicago beginning at Michigan avenue and Sixteenth street, extending east and south to Thirty-third street, and including, successively, parts of Sixteenth street, Prairie avenue, Twenty-ninth street and South Park avenue. The objections which, it is urged, should have prevented the confirmation of the assessment are, that the circuit court had no jurisdiction of the proceedings, the commissioners had no power to make the improvement by special assessment, the ordinance is unreasonable and the finding on the assessment of benefits is contrary to the evidence.

An act of the General Assembly of June 24, 1895, vested all boards of park commissioners with power to levy special assessments for the improvement of boulevards or streets under their control, and provided for a method of procedure in conformity with the procedure provided for the levying of special assessments by cities and villages, so far as the latter might be applicable. (Hurd's Stat. 1909, p. 1614.) Section 7 of that act requires the petition for the assessment to be filed in the county court, and it is claimed by the appellants that the jurisdiction of that court is exclusive. They insist, first, that no statute prior to that of June 24, 1895, conferred upon the circuit court jurisdiction of the subject matter; and second, that all prior statutes are merged in that of June 24, 1895, so far as they relate to the authority of park commissioners to levy special assessments for local improvements.

The act incorporating the South Park Commissioners conferred no power to make a special assessment for the improvement of streets or boulevards. No such power existed prior to April 9, 1879, when an act was passed to enable park commissioners "to take, regulate, control and improve public streets leading to public parks, to pay for the improvement thereof, and in that behalf to make and collect a special assessment, or special tax on contiguous property." This act granted to boards of park commissioners "all the power and authority now or hereafter granted to them respectively, relative to the levy, assessment and collection of taxes, or assessment for corporate purposes." (Hurd's Stat. 1909, sec. 2, p. 1588.) On June 21, 1895, an act having a similar object was passed, which empowered park commissioners to pay for the improvement of streets by levying a special tax or special assessment "in the manner in which said board of park commissioners or park authorities are now or may be hereafter empowered by law to levy, assess and collect special taxes on contiguous property or special assessments for benefits in other cases."

(Hurd's Stat. 1909, sec. 2, p. 1608.)  The power which had before the passage of these acts been granted to boards of park commissioners relative to the levy of assessments for corporate purposes and the manner in which such boards were then empowered by law to levy special assessments for benefits in other cases than the improvement of streets, were such as were authorized by an act of June 16, 1871, "to enable the corporate authorities of two or more towns, for park purposes to issue bonds in renewal of bonds heretofore issued by them, and to provide for the payment of the same, to make, revise and collect a special assessment on contiguous property for benefits by reason of the location of parks and boulevards and to make necessary changes in their location."  (Hurd's Stat. 1909, p. 1572.)  Section 3 of this act provides the manner of procedure by which the commissioners were empowered to levy the assessment and required the return of the assessment to the circuit court for confirmation, and this was the only manner in which, prior to June 24, 1895, park commissioners were authorized to levy an assessment, in any case, for corporate purposes.  The act did not authorize the levy of a special assessment for the improvement of streets, but it did provide a manner of levying a special assessment for corporate purposes, and when the later statute authorized the levy of a special assessment for the improvement of streets in the manner in which the levy of special assessments in other cases was authorized, it adopted for use in levying an assessment for street improvement the only method existing for levying an assessment in any case.

It is insisted, however, that the act of June 24, 1895, is a substitute for all prior acts relating to special assessments for street improvements by park boards.  Section 4 of the act provides that "when the ordinance under which said improvement is ordered to be made shall provide that such improvement shall be made by special assessment, the proceedings for the making and levying of the same shall

be as provided hereinafter in this act." The act is a general revision of the subject of special assessments by park boards for street improvements, and in the absence of any saving clause would operate to repeal the provisions of the former statute on that subject. In section 2, however, it is provided that "the power and authority hereby vested are hereby declared to be additional to and not in limitation of any power and authority heretofore vested in said park commissioners or park authorities." This is an express declaration that the method provided in the act was not intended as a substitute for that theretofore existing, and that the jurisdiction conferred upon the county court was not to supersede but to be concurrent with that already existing in the circuit court.

By both the act of April 9, 1879, and that of June 24, 1895, park commissioners are authorized to improve streets under their control and to levy a special assessment to pay the cost of their first improvement, but not the cost of their subsequent care, maintenance and repair. The appellants insist that because the streets in question had been paved and otherwise improved by the city of Chicago before they were taken under the control of the South Park Commissioners, the latter had no power to make this improvement by special assessment. The statute expressly authorizes the improvement of any street taken under the control of the park commissioners in such manner as the commissioners deem best and the payment for such first improvement by special assessment. The improvement mentioned is one made by the commissioners and does not refer to the former condition of the streets.

The streets involved had been improved by pavements, curbs, sidewalks and gutters. On Prairie avenue between Sixteenth street and Twenty-second street was an asphalt pavement in good repair, part of it recently built and none of it over six years old, with curbs, sidewalks and gutters. For all purposes of ordinary traffic this portion of the

street was in such condition that no improvement thereof was needed. It was only the making of what is spoken of as a boulevard improvement, as contemplated in the ordinance, which necessitated any change in this condition. The grade was not entirely uniform, the driveway not so serviceable for fast-moving pleasure vehicles as it was proposed to make it, the width of the pavement and of the sidewalks was not uniform, and while the conditions of the street as a street were not such as to require any change, they were not up to the standard of a boulevard improvement. The ordinance therefore proposed to tear up and destroy a good pavement, good sidewalks, curbs and gutters recently put down at the expense of the property owners, and to replace them, also at the expense of the property owners, with substantially similar improvements made with reference to uniformity of construction, slightly changing grades and crowns, and other details to adapt the streets better to the purposes of a pleasure driveway. The ordinance is unreasonable in thus imposing upon property owners the burden of paying for a pleasure driveway and the ornamentation and embellishment of a boulevard when there is already a complete system of street improvements recently put in and in good condition. (*McFarlane* v. *City of Chicago,* 185 Ill. 242; *Hawes* v. *City of Chicago,* 158 id. 653; *City of Chicago* v. *Brown,* 205 id. 568; *Chicago Union Traction Co.* v. *City of Chicago,* 208 id. 187.) If the public authorities deem it best for the public interest, under such circumstances, to make an improvement of the character here contemplated, it is only reasonable that it should be done at the public expense. Property already provided with street improvements as above indicated should not in such case be subject to special assessment any further than if it had not become a part of the park system but had remained under the jurisdiction of the city.

The judgment of confirmation as to the property of the appellants is reversed.    *Judgment reversed.*